## IN THE UNITED STATES DISTRICT COURT
## EASTERN DIVISION OF MICHIGAN
## SOUTHERN DIVISION

LONA and KENDRICK BLANK,                    Case No.
as Next Friends of K.B. Doe,                Hon. VICTORIA A. ROBERTS

     Plaintiffs,

v

LIVONIA PUBLIC SCHOOLS, WAYNE
WESTLAND COMMUNITY SCHOOL
DISTRICT, JAMES BAIRD, ANDREA
OQUIST, JILL SIMMONS, KIMBERLY A.
DOMAN, individually and in their official
capacities,

     Defendants.

---

Parker G. Stinar (P75252)
Michael Nimmo (36947)
WAHLBERG, WOODRUFF,
NIMMO & SLOANE LLP
Attorneys for Plaintiffs
4601 DTC Boulevard, Suite 950
Denver, CO 80237
(303) 571-5302
parker@denvertriallawyers.com
michael@denvertriallawyers.com

Craig R. Noland (P30717)
Amanda M. Zdarsky (P81443)
McGRAW MORRIS PC
Attorneys for Defendant James Baird
300 Ottawa Avenue NW, Suite 820
Grand Rapids, MI 49503
(616) 288-3700
cnoland@mcgrawmorris.com
azdarsky@mcgrawmorris.com

Ven R. Johnson (P39219)
Jeffrey T. Stewart (P24138)
Kanwarpreet Khahra (P80253)
JOHNSON LAW PLC
Attorneys for Plaintiffs
535 Griswold, Suite 2632
Detroit, MI 48226 38505
(313) 324-8300
jstewart@venjohnsonlaw.com

Gouri G. Sashital (P64628)
KELLER THOMA PC
Attorneys for Defendants Livonia
Public Schools and Andrea Oquist
26555 Evergreen Road, Suite 550
Southfield, MI 48076
(248) 965-7610
gsr@kellerthoma.com

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW  COME  Plaintiffs LONA AND KENDRICK BLANK, as Next Friends of K.B. Doe by and through their attorneys WAHLBERG, WOODRUFF, NIMMO & SLOANE, LLP and JOHNSON LAW, PLC, and for their Complaint against the above-named Defendants, state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.       Plaintiffs Lona and Kendrick Blank (hereinafter "Mrs. and Mr. Blank") were at all times relevant to this cause of action residents of Wayne County, Michigan.  They bring this cause of action solely in a representative capacity as Next Friends of and on behalf of their minor daughter, K.B. Doe.

2.       Defendant Livonia Public Schools ("LPS") is and was at all times relevant to this cause of action a public school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

3.       Defendant LPS at all times relevant to this cause of action regularly received Federal monies for purposes of providing services to special needs students.

4.       Defendant    Wayne    Westland    Community    School    District

("WWCSD") is and was at all times relevant to this cause of action a public school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

5.     Defendant WWCSD at all times relevant to this cause of action regularly received Federal monies for purposes of providing services to special needs students.

6.     Upon information and belief, Defendant James Baird (hereinafter "Baird") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

7.     Defendant Baird was at all times relevant to this cause of action an employee of a public school district, acting as a public school district employee, and acting within the scope of his employment and under the color of state law.

8.     Upon information and belief, Defendant Andrea Oquist (hereinafter "Oquist") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

9.     Defendant Oquist was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of her employment and under the color of state law.

10.    Defendant Oquist at all times relevant to this cause of action was the superintendent of LPS.

11.    Upon information and belief, Defendant Jill Simmons (hereinafter "Simmons") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

12.    Defendant Simmons was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of her employment and under the color of state law.

13.    Defendant Simmons at all times relevant to this cause of action was the interim superintendent of WWCSD.

14.    Upon information and belief, Defendant Kimberly A. Doman (hereinafter "Doman") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

15.    Defendant Doman was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of her employment and under the color of state law.

16.    Defendant Doman was at all times relevant to this cause of action employed at WWCSD as the principal of Stevenson Middle School, which is a school

within WWCSD.

17.     This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

18.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arises out of occurrences that took place within this District, in the County of Wayne.

## COMMON ALLEGATIONS

19.     Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

20.     At all times relevant to this cause of action, K.B. Doe suffered from physical impairments, including spastic cerebral palsy and vision impairment, which requires her to wear glasses, and was enrolled in WWCSD at Stevenson Middle School in 2020.

21.     At all times relevant to this cause of action, Defendant Baird was employed by LPS and pursuant to an agreement was contracted out to WWCSD as a vision specialist at Stevenson Middle School to provide services and instruction to students with visual and physical impairments, including K.B. Doe.

22.     K.B. Doe reported that she was having some vision issues and K.B.

Doe was recommended to see Defendant Baird by Ms. Joanna Eiwen, a special education teacher in the WWCSD.

23.     Defendant Baird conducted and provided K.B. Doe vision specialty services alone in a room in the library at Stevenson Middle School without any supervision.

24.     Upon information and belief, before K.B. Doe interacted with Defendant Baird at Stevenson Middle School, a 3rd grade female student at Garden City Public Schools who was receiving vision specialty services from Defendant Baird had previously reported to Garden City Public Schools a sexual assault by Defendant Baird on December 9, 2019.

25.     At the time of the December 9, 2019, incident, LPS had contracted out Defendant Baird to Garden City Public Schools, similar to their arrangement with WWCSD.

26.     On or about December 9, 2019, Garden City Public School informed LPS in writing of the allegations of sexual assault of a 3rd grade student at Garden City Public Schools by Defendant Baird.

27.     After the December 9, 2019, incident, Garden City Public Schools conducted a Title IX investigation into the incident and subsequently determined that Baird would never again provide services to any Garden City Public Schools student.

28.     Despite knowledge of the allegations of a sexual assault by a 3rd grade student at Garden City Public Schools on December 9, 2019, LPS did not terminate or conduct an appropriate and thorough investigation of Defendant Baird's sexual assault conduct.

29.     LPS did not notify and made no attempt to warn or advise current students or their parents of WWCSD, including K.B. Doe and Mrs. and Mr. Blank, that allegations had surfaced of a sexual assault of a 3rd grade student on December 9, 2019.

30.     In February of 2020, Defendant Baird was sent to Stevenson Middle School in WWCSD to perform eye examinations for students despite knowledge by LPS that a 3rd grade student at Garden City Public Schools had reported a sexual assault by Defendant Baird only two months earlier.

31.     On that day, Defendant Baird performed an eye examination on K.B. Doe. During the examination, Defendant Baird covered K.B. Doe's eyes.

32.     On that day, after covering K.B. Doe's eyes, Defendant fondled her, and placed his penis in her hand and her mouth.

33.     After the examination, K.B. Doe returned to her class and told her teacher, Ms. Joanna Eiwen, that Mr. Baird made her uncomfortable and that she did want to work with Defendant Baird again.

34.     On February 11, 2022, K.B. Doe disclosed her sexual abuse by

Defendant Baird to her parents for the first time, after she had experienced an unrelated but triggering event at school that same day.

35.     Defendant Baird remained under the employ of LPS until his resignation on August 5, 2022.

## COUNT I – EXCESSIVE FORCE VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD

36.     Plaintiffs reassert and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

37.     Defendant Baird was at all times relevant to this cause of action an employee of a public school, acting as a public-school employee, and acting within the scope of his employment and under the color of state law.

38.     At all times relevant to this cause of action, K.B. Doe was afforded the constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of unnecessary, unreasonable, illegal, and excessive force.

39.     At all times relevant to this cause of action, Defendant Baird owed a duty to the public, but especially to K.B. Doe, to act in a lawful and reasonable manner, and to avoid the use of unnecessary, unreasonable, illegal, and excessive force, in violation of K.B. Doe's constitutional rights under the Fourth and

Fourteenth Amendments of the United States Constitution.

40.     Defendant Baird engaged in physical sexual abuse of K.B. Doe, which constituted unnecessary, unreasonable, illegal, and excessive force, in violation of K.B. Doe's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as violations of the criminal laws of the State of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant LPS and/or Defendant WWCSD.

41.     Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that the use of physical force and/or physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal, and excessive and would have been under the same or similar conditions that existed and as alleged herein.

42.     The use of unnecessary, unreasonable, illegal, and excessive force by Defendant Baird against K.B. Doe amounted to a violation of K.B. Doe's rights under the Fourth and Fourteenth Amendment of the United States Constitution, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant

Baird's position would have known.

43.     Defendant Baird is not entitled to qualified immunity.

44.     As a direct and proximate result of Defendant Baird's use of excessive force and physical sexual abuse of K.B. Doe, K.B. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and services;

    g.  Loss of earnings capacity;

    h.  Any and all injuries or damages that are learned through the course of discovery.

45.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are

deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

46. The actions of Defendant Baird as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon K.B. Doe. As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00 plus costs, interest, and attorney fees, as well as punitive and-or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT II – SUBSTANTIVE DUE PROCESS VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 –DEFENDANT BAIRD

47. Plaintiffs reassert and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

48. Defendant Baird was at all times relevant to this cause of action an employee and/or administrator of a public school, was acting as a public-school employee and/or administrator and was acting within the scope of his employment

and under the color of state law.

49.     At all times relevant to this cause of action, K.B. Doe had the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution not to be deprived of life without due process.

50.     At all times relevant to this cause of action, K.B. Doe was afforded the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, including the right to be free from sexual abuse at the hands of a school employee and particularly when it is not administered for any pedagogical purpose but only for the gratification of Defendant Baird.

51.     At all times relevant to this cause of action, K.B. Doe had the right under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to be free from arbitrary government conduct that lacks all socially redeeming value.

52.     Defendant Baird engaged in physical sexual abuse of K.B. Doe, which constituted unnecessary, unreasonable, illegal, and excessive force, in violation of K.B. Doe's rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprive a person of life, liberty, or property without due process of law, as well as violations of the criminal laws of

the State of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant LPS and/or Defendant WWCSD.

53.     Those rights were at all times relevant to this cause of action clearly established in that any reasonable governmental official in Defendant Baird's position would have known that such rights were being violated when Defendant Baird inflicted physical sexual abuse on K.B. Doe has alleged herein.

54.     The acts of physical sexual and emotional abuse by Defendant Baird of K.B. Doe, under all circumstances relevant to this cause of action caused injury so severe, was so antithetical to the child's special needs presented, and was so inspired by malice or sadism rather than a mere careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power that is literally shocking to the conscience.

55.     The acts of physical and emotional abuse by Defendant Baird of K.B. Doe, under all circumstances relevant to this cause of action lacked any and all pedagogical purpose or justification and lacked any socially redeeming value.

56.     Defendant Baird, when engaging in the conduct as set forth above, had reasonable opportunity to deliberate various alternatives and did not face the need to make a hurried judgment.

57.     The acts of physical sexual abuse by Defendant Baird of K.B. Doe, under all circumstances relevant to this cause of action amount to deliberate

indifference to the risk that K.B. Doe would suffer harm and to K.B. Doe's health and safety of which Defendant Baird was specifically aware and yet disregarded.

58.     Defendant Baird's deliberate indifference under the circumstances relevant to this cause of action reflect a failure to even care about the health and safety of K.B. Doe and such deliberate indifference under such circumstances thus literally shocks the conscience.

59.     The use of unnecessary, unreasonable, illegal, and excessive force by Defendant Baird against K.B. Doe amounted to a violation of K.B. Doe's rights under the Due Process Clause under the Fourteenth Amendment to the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprive a person of life, liberty, or property without due process of law, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Baird's position would have known.

60.     Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that the use of physical force and physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal, and excessive under the same or similar conditions that existed as alleged herein.

61.   Defendant Baird is not entitled to qualified immunity.

62.   As a direct and proximate result of Defendant Baird's use of excessive force and physical sexual abuse of K.B. Doe, K.B. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and services;

    g.  Loss of earning capacity;

    h.  Any and all injuries or damages that are learned through the course of discovery.

63.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter

Defendant Baird, this Court should order and award additional damages, to be allowed so as to satisfy any and all such inadequacies.

64.    The actions and/or deliberate indifference of Defendant Baird as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon K.B. Doe. As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT III – EQUAL PROTECTION VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD

65.    Plaintiffs reassert and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

66.    Defendant Baird was at all times relevant to this cause of action an employee of a public school, was acting as a public-school employee, and was acting within the scope of his employment and under the color of state law.

67. The Equal Protection Clause of the United States Constitution prevents state actors from making distinctions that burden a fundamental right, target a suspect class, or intentionally treat one individual differently from others similarly situated without any rational basis.

68. At all times relevant to this cause of action, K.B. Doe had the rights under the Fourteenth Amendment of the United States Constitution to equal protection under the law.

69. K.B. Doe is considered a disabled individual and is therefore part of a protected class of individuals under the Equal Protection Clause of the United States Constitution.

70. The Equal Protection Clause of the United States Constitution forbids a governmental actor from treating disabled individuals differently where those actions are not rationally related to some legitimate governmental purpose.

71. Defendant Baird engaged in physical sexual abuse of K.B. Doe, which violated K.B. Doe's rights under the Equal Protection Clause of the United States Constitution in that such physical sexual abuse was not inflicted on young children in the LPS district who did not have disabilities.

72. Defendant Baird's actions of treating K.B. Doe differently from similarly situated non-disabled students by inflicting physical sexual abuse on K.B. Doe when such physical sexual abuse was not inflicted on similarly situated

non-disabled students was not rationally related to any legitimate governmental purpose.

73.    Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position, at all times relevant to this cause of action, would have known that treating K.B. Doe differently than similarly situated non-disabled students where such treatment was not rationally related to any legitimate governmental purpose was a violation of K.B. Doe's constitutional rights under the Equal Protection Clause of the United States Constitution

74.    Defendant Baird is not entitled to qualified immunity.

75.    As a direct and proximate result of Defendant Baird's violation of K.B. Doe's rights under the Equal Protection Clause of the United States Constitution, K.B. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

   a.  Physical pain and suffering;

   b.  Mental anguish;

   c.  Fright and shock;

   d.  Denial of social pleasure and enjoyments;

e. Embarrassment, humiliation, and mortification;

f. Reasonable expenses of necessary medical care, treatment and services;

g. Loss of earning capacity;

h. Any and all injuries or damages that are learned through the course of discovery.

76. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendant Baird, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

77. The actions and/or deliberate indifference of Defendant Baird as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon K.B. Doe. As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as

punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT IV – MUNICIPAL/SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 –DEFENDANTS OQUIST, SIMMONS, DOMAN, LPS, AND WWCSD

78.     Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

79.     Pursuant to 42 U.S.C § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants Oquist, Simmons, Doman, LPS, and WWCSD owed K.B. Doe certain duties to properly hire, supervise, monitor, and train its employees so as not violate the constitutional rights of students, and K.B. Doe in particular and as alleged throughout this Complaint, and to take proper measures to report, prevent, or otherwise protect students such as K.B. Doe in the event that such violations may occur.

80.     Defendants Oquist, Simmons, Doman, LPS, and WWCSD are liable pursuant to 42 U.S.C § 1983, in that their policies, procedures, regulations, and customs, or that their failure to enact policies, procedures, regulations, and customs, caused and were the driving force behind the violation of K.B. Doe's constitutional rights as alleged throughout this Complaint.

81.     Defendant Fisher was at all times relevant to this cause of action an employee and/or administrator of GCPS, was acting as an employee and/or

administrator of GCPS and was acting within the scope of his employment and under the color of state law.

82.     Defendant Oquist was at all times relevant to this cause of action an employee and/or administrator of LPS, was acting as an employee and/or administrator of LPS and was acting within the scope of her employment and under the color of state law.

83.     Defendant Oquist at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at LPS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

84.     Defendant Simmons was at all times relevant to this cause of action an employee and/or administrator of WWCSD, was acting as an employee and/or administrator of WWCSD and was acting within the scope of her employment and under the color of state law.

85.     Defendant Simmons at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at WWCSD to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final

decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

86.   Defendant Doman was at all times relevant to this cause of action an employee and/or administrator of WWCSD, was acting as an employee and/or administrator of WWCSD and was acting within the scope of her employment and under the color of state law.

87.   Defendant Doman at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at WWCSD to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

88.   Defendants Oquist, Simmons, Doman, LPS, and WWCSD at all times relevant to this cause of action had knowledge of Defendant Baird's propensities to provide services and instruction to minor students while he was alone and unsupervised and in an area that was closed off and not visible to other school personnel.

89.   Defendants Oquist, Simmons, Doman, LPS, and WWCSD, with such

knowledge, condoned, encouraged, or otherwise knowingly acquiesced such conduct, which created substantial risks to K.B. Doe that resulted in, or was the driving force behind, the constitutional violations as alleged herein, because they knew that privacy and lack of supervision or the ability of other personnel to observe Baird's interaction with students was essential to his ability to carry out abuse..

90.     Defendants Oquist, Simmons, Doman, LPS, and WWCSD with such knowledge condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the substantial risks that K.B. Doe would be sexually abused that would result in violation of K.B. Doe's constitutional rights as set forth throughout this Complaint.

91.     Defendants Oquist, Simmons, Doman, LPS, and WWCSD were deliberately indifferent to K.B. Doe's constitutional and other rights by failing to promulgate a policy and failing to properly train personnel and employees to prevent the unconstitutional, unlawful, and tortious mistreatment of the students, including K.B. Doe, as alleged throughout this Complaint.

92.     Defendants Oquist, Simmons, Doman, LPS, and WWCSD were deliberately indifferent to K.B. Doe's constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint when Defendants Oquist, Simmons, Doman,

LPS, and WWCSD had knowledge that Defendant Baird did and would engage in conduct that created the substantial risks that K.B. Doe would be sexually abused that would result in violation of K.B. Doe's constitutional rights as set forth throughout this Complaint.

93.    Defendants Oquist, Simmons, Doman, LPS, and WWCSD, through their policies, procedures, regulations, or customs, or lack thereof, breached their duties, which amounted to reckless and/or deliberate indifference toward the general public, and toward K.B. Doe specifically, in the following ways, including, but not limited to:

a.  Failing to properly train its employees regarding the proper use of reasonable and necessary force under the circumstances presented;

b.  Failing to enact or provide training on proper policies regarding the recognition of the risks that physical sexual abuse will occur;

c.  Failing to enact or provide training on proper policies regarding allowing adults such as Defendant Baird to be alone and unsupervised with minor students such that those minor students were at an increased risk of harm;

d.  Hiring and/or the retention of employees whose character and personality pose a potential danger to the public in general and K.B. Doe in particular;

e.  Failure to adequately monitor the conduct and behavior of its employees in general, but specifically Defendant Baird, relative to the propensity to engage in the physical sexual abuse of children such that, despite written policies against such abuse, failure to sufficiently take action to prevent the occurrence of abuse of K.B. Doe has led to the formation of a custom that such

abuse will be encouraged and tolerated;

f. Failure to have proper policies, procedures, and training to address with the danger of using physical sexual abuse against individuals, including K.B. Doe;

g. Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees, including Defendant Baird, who are known or should have been known to engage in improper use of physical sexual abuse;

h. Failure to supervise and/or train employees to prevent violation of students' Constitutional rights;

i. Sanctioning the use of physical sexual abuse by failing to adequately discipline or terminate employees who are known to have violated the Constitutional right of students on prior occasions, including but not limited to Defendant Baird;

j. Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

k. Ratifying the violation of constitutional rights by employees;

l. Employing and retaining improperly trained employees and administrators;

m. Other acts and omissions which may be learned through the course of discovery.

94.    The failures and/or actions set forth above to take action to prevent

the physical sexual abuse by Defendant Baird of K.B. Doe were a common pattern

and practice among employees and personnel of deliberate indifference such that

it constituted a policy or custom and those were followed and enforced by

supervisors and administrators, including, but not limited to, Defendants Oquist,

Simmons, Doman, LPS, and WWCSD.

95.   The above-enumerated actions, failures, and/or inactions constituted deliberate indifference to the danger to K.B. Doe's health, safety, and violation of their constitutional rights by Defendant Baird, including, but not limited to, those alleged in this Complaint.

96.   As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, K.B. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

      a.  Physical pain and suffering;

      b.  Mental anguish;

      c.  Fright and shock;

      d.  Denial of social pleasure and enjoyments;

      e.  Embarrassment, humiliation, and mortification;

      f.  Reasonable expenses of necessary medical care, treatment and services;

      g.  Loss of earning capacity;

      h.  Any and all injuries or damages that are learned through the course of discovery.

97.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

98.    The actions and/or deliberate indifference of Defendants as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon K.B. Doe.  As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT V – GROSS NEGLIGENCE/WILLFUL AND WANTON MISCONDUCT – DEFENDANTS BAIRD, OQUIST, SIMMONS, AND DOMAN

99.    Plaintiffs reincorporate and re-allege each and every preceding

paragraph as if fully set forth herein.

100.   Defendant Baird owed K.B. Doe a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care, and to avoid the use of unnecessary, unjustified, illegal and unreasonable, excessive force and/or physical sexual abuse.

101.   Defendant Baird was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful or wanton manor toward K.B. Doe and was indifferent to physical and emotional sexual abuse inflicted on K.B. Doe, and nevertheless maliciously carried out those acts, and thus breached the above duties in a number of ways.

102.  Defendant Baird's conduct, which amounted to gross negligence, was the proximate cause of K.B. Doe's injuries.

103.  Defendant Baird is not entitled to immunity under Michigan law.

104.  Defendants Oquist, Simmons, and Doman owed K.B. Doe a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care, and to avoid engaging in conduct that created the substantial risks that K.B. Doe would be sexually abused.

105.  Defendants Oquist, Simmons, and Doman had knowledge that Defendant Baird did and would engage in conduct that created the substantial risks

that K.B. Doe would be sexually abused.

106. Defendants Oquist, Simmons, and Doman nevertheless allowed Defendant Baird to engage in conduct that created the substantial risks that K.B. Doe would be sexually abused.

107. Defendants Oquist, Simmons, and Doman by doing so were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful or wanton manor toward K.B. Doe, and were indifferent to the substantial risks that physical and emotional sexual abuse would be inflicted on K.B. Doe, and nevertheless maliciously carried out those acts.

108. Defendant Oquist's, Simmons', and Doman's conduct in that regard, together or separately, were the proximate cause of damages to K.B. Doe in that it was foreseeable that such conduct, together or separately, would result in child abuse of K.B. Doe by Defendant Baird.

109. Defendants Oquist, Simmons, and Doman are not entitled to governmental immunity under Michigan law.

110. As a and/or *the* direct and proximate result of Defendant's conduct, K.B. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not

limited to, the following:

      a.  Physical pain and suffering;

      b.  Mental anguish;

      c.  Fright and shock;

      d.  Denial of social pleasure and enjoyments;

      e.  Embarrassment, humiliation, and mortification;

      f.  Reasonable expenses of necessary medical care, treatment and services;

      g.  Loss of earning capacity;

      h.  Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT VI – BATTERY – DEFENDANT BAIRD

111.  Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

112.  Defendant Baird's conduct, as set forth above, constituted a willful and

harmful or offensive touching of K.B. Doe.

113. Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Baird engaged in sexual contact with K.B. Doe by committing an intentional touching of K.B. Doe's intimate parts and/or an intentional touching of the clothing covering the immediate area of K.B. Doe's intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

114. In addition or in the alternative thereto the conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law because Baird caused his penis to be touched by K.B. Doe and placed in her mouth.

115. Defendant Baird intended the acts that caused the willful and harmful or offensive touching of K.B. Doe.

116. Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

117. Defendant Baird is not entitled to governmental immunity under Michigan law.

118. As a and/or *the* direct and proximate result of Defendant Baird's

conduct, K.B. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Fright and shock;

    d. Denial of social pleasure and enjoyments;

    e. Embarrassment, humiliation, and mortification;

    f. Reasonable expenses of necessary medical care, treatment and services;

    g. Loss of earning capacity;

    h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VII – ASSAULT – DEFENDANT BAIRD

119. Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

120. The surrounding circumstances of Defendant Baird's conduct created a well-founded apprehension in K.B. Doe of imminent harmful and offensive contact and injury.

121. The surrounding circumstances of Defendant Baird's conduct created, from K.B. Doe's perspective and belief, an apparent present ability for Defendant Baird to accomplish harmful and offensive contact and injury.

122. Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

123. Defendant Baird is not entitled to governmental immunity under Michigan law.

124. As a and/or *the* direct and proximate result of Defendant Baird's conduct, K.B. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a. Physical pain and suffering;

b.  Mental anguish;

c.  Fright and shock;

d.  Denial of social pleasure and enjoyments;

e.  Embarrassment, humiliation, and mortification;

f.  Reasonable expenses of necessary medical care, treatment and services;

g.  Loss of earning capacity;

h.  Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANT BAIRD

125. Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

126. Defendant Baird's conduct, as set forth above, and in particular by inflicting physical and emotional sexual abuse on K.B. Doe, was intentional or reckless, extreme, outrageous, and of such character as to be intolerable in a

civilized society.

127. Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Baird engaged in sexual contact with K.B. Doe by committing an intentional touching of K.B. Doe's intimate parts and/or an intentional touching of the clothing covering the immediate area of Plaintiff's intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

128. In addition, Baird intentionally and maliciously caused his penis to be touched by K.B. Doe and placed in her mouth.

129. Defendant Baird's conduct was for an ulterior motive or purpose, including, but not limited to, to cause K.B. Doe to suffer severe emotional distress.

130. Defendant Baird's conduct has caused and will continue to cause K.B. Doe to suffer severe emotional distress.

131. Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

132. Defendant Baird is not entitled to governmental immunity under Michigan law.

133. As a and/or *the* direct and proximate result of Defendant Baird's conduct, K.B. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Fright and shock;

    d. Denial of social pleasure and enjoyments;

    e. Embarrassment, humiliation, and mortification;

    f. Reasonable expenses of necessary medical care, treatment and services;

    g. Loss of earning capacity;

    h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT IX – ELLIOTT-LARSEN CIVIL RIGHTS ACT (MCL 37.2101 *et seq*.) – DEFENDANTS LPS, WWCSD, AND BAIRD**

134. Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

135. MCL 37.2102(1) sets forth that "[t]he opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, familial status, or marital status as prohibited by this act, is recognized and declared to be a civil right."

136. Defendants LPS, WWCSD, and Baird are each a "person" as that term is defined under MCL 37.2103(g) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

137. Defendants LPS and WWCSD are each a "political subdivision" as that term is defined under MCL 37.2103(h) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

138. Defendants LPS and WWCSD are each a "place of public accommodation" as that term is defined under MCL 37.2301 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

139. MCL 37.2302 sets forth in relevant part that a "person shall not…deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation

or public service because of religion, race, color, national origin, age, sex, or marital status."

140. Defendants LPS and WWCSD are each an "educational institution" as that term is defined under MCL 37.2401 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

141. MCL 37.2402 sets forth that an "educational institution" shall not do any of the following:

> a. Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex.

> b. Exclude, expel, limit, or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, or privileges of the institution, because of religion, race, color, national origin, or sex.

142. MCL 37.2103(i) sets forth as follows:

> i. Discrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

>> i. Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.

>> ii. Submission to or rejection of the conduct or communication by an individual is used as a

factor in decisions affecting the individual's employment, public accommodations or public services, education, or housing.

iii.   The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

143.  Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards K.B. Doe under circumstances and conditions that submission to the conduct or communication was made a term or condition either explicitly or implicitly for K.B. Doe to public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

144.  Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards K.B. Doe under circumstances and conditions that submission to or rejection of the conduct or communication by K.B. Doe was used as a factor in decisions affecting K.B. Doe's public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

145. Defendant Baird made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual

nature towards K.B. Doe under circumstances and conditions that the conduct or communication had the purpose or effect of substantially interfering with K.B. Doe's public accommodations, public services, and education and created an intimidating, hostile, and offensive public accommodations, public services, and education environment.

146. Defendant Baird made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature towards K.B. Doe under circumstances and conditions that the conduct or communication had the purpose or effect of denying K.B. Doe the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of sex.

147. Defendant Baird conduct by engaging in physical sexual abuse of K.B. Doe constituted sexual harassment as that term is defined under MCL 37.2103(i) and was therefore discrimination "because of sex."

148. Defendant Baird is liable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq* for the violations set forth above.

149. Defendants LPS and WWCSD as set forth above, are subject to liability under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

150. Defendants Baird, LPS, and WWCSD are not entitled to governmental

immunity under Michigan law for the violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

151. As a direct and proximate result of the violations of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*, as set forth above, K.B. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

     a. Physical pain and suffering;

     b. Mental anguish;

     c. Fright and shock;

     d. Denial of social pleasure and enjoyments;

     e. Embarrassment, humiliation, and mortification;

     f. Reasonable expenses of necessary medical care, treatment and services;

     g. Loss of earning capacity;

     h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as

punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT X – FAILURE TO REPORT CHILD ABUSE – DEFENDANTS BAIRD, OQUIST, SIMMONS, AND DOMAN

152. Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

153. The Michigan Child Protection Law ("CPL") imposes a duty on certain individuals to report suspected "child abuse" or "child neglect" and assigns civil liability for failure to fulfill that duty.

154. MCL § 722.623(1)(a) sets forth, in relevant part, as follows:

1. An individual is required to report under this act as follows:

   a. A…social worker, licensed master's social worker, licensed bachelor's social worker, registered social service technician, social service technician, a person employed in a professional capacity in any office of the friend of the court, school administrator, school counselor or teacher…who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect. Within 72 hours after making an oral report by telephone to centralized intake, the reporting person shall file a written report as required in this act.

155. "Child abuse" is defined under MCL § 722.622(g) as "harm or threatened harm to a child's health or welfare that occurs though nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by

a parent, legal guardian, or any other person responsible for the child's health or welfare or by a teacher, a teacher's aide, or a member of the clergy."

156. "Central registry" as referenced in MCL § 722.623(1)(a) is defined under MCL § 722.622(c) as "the system maintained at the department that is used to keep a record of all reports filed with the department under this act in which relevant and accurate evidence of child abuse or child neglect is found to exist."

157. The "department" as referenced in MCL § 722.622(c) is defined under MCL § 722.622(q) as "the department of human services."

158. MCL § 722.633(1) provides that "[a] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

159. Defendants Baird, Oquist, Simmons, and Doman are each required under the CPL to report child abuse as set forth under MCL § 722.623(1)(a).

160. Defendant Baird's conduct by inflicting physical and emotional sexual abuse on K.B. Doe constituted child abuse of K.B. Doe as that term is defined under MCL § 722.622(g).

161. Defendants Baird, Oquist, Simmons, and Doman each had reasonable cause to suspect that K.B. Doe had been subjected to child abuse as that term is defined under MCL § 722.622(g).

162. Defendants Baird, Oquist, Simmons, and Doman each failed to report

child abuse of K.B. Doe of which they had reasonable cause to suspect.

163. K.B. Doe each suffered damages that were proximately caused by the failure of Defendants Baird, Oquist, and Doman to report child abuse of K.B. Doe of which those Defendants had reasonable cause to suspect.

164. Defendant Baird's, Oquist's, Simmons', and Doman's failure to report child abuse of K.B. Doe together or separately, was the proximate cause of the damages that were suffered by K.B. Doe for such failures in that it was foreseeable that such failures, together or separately, would result in continued child abuse of K.B. Doe.

165. As a and/or *the* direct and proximate result of Defendant Baird's, Oquist's, Simmons', and Doman's failure to report child abuse of K.B. Doe, as set forth above, K.B. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

      a.  Physical pain and suffering;

      b.  Mental anguish;

      c.  Fright and shock;

      d.  Denial of social pleasure and enjoyments;

      e.  Embarrassment, humiliation, and mortification;

f.  Reasonable expenses of necessary medical care, treatment and services;

g.  Loss of earning capacity;

h.  Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT XI – VIOLATION OF TITLE IX OF THE EDUCATION ACT OF 1972, 20 U.S.C. § 1681 *et seq.* –DEFENDANT LPS

166.  Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

167.  Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a) provides in pertinent part:

*"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . ."*

168.  Title IX is implemented through the Code of Federal Regulations. 34 C.F.R. Part 106.8(b) provides:

*"... A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."*

169. Defendant LPS receives federal financial assistance and is therefore subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

170. Title IX protects third parties from sexual harassment or violence in a school's education programs and activities. Under Title IX, sexual harassment includes any type of unwelcome conduct of a sexual nature, such as sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature.

171. K.B. Doe is a "person" within the meaning of 20 U.S.C. §1681(a).

172. Defendant Baird's sexual contact and touching of K.B. Doe constitutes discriminatory harassment and sexual misconduct within the meaning of Title IX.

173. Defendant Baird's conduct and Defendant LPS' deliberate indifference and failure to respond to being on actual notice of Defendant Baird's conduct is a violation of Title IX.

174. Defendant Baird's actions and conduct while employed by Defendant LPS were carried out under one of Defendant LPS' educational programs.

175. Defendant Baird's discriminatory harassment and sexual misconduct was severe, pervasive, and objectively offensive and effectively barred K.B. Doe's access to educational opportunities and benefits.

176. The conduct by Defendant Baird was of a sexual nature and was unwelcome and sufficiently severe or pervasive from both a subjective and objective viewpoint such that the conduct had the purpose or effect of unreasonably interfering with K.B. Doe's work or academic performance or creating an intimidating, hostile, or offensive environment for studying and learning during school.

177. The environment created from the conduct of Defendant Baird was hostile based on the circumstances, including but not limited to the nature and severity of the conduct, the relationship between the parties, the location and context in which the conduct occurred, and the physically threatening and humiliating nature of the conduct.

178. Defendant Oquist was an "appropriate person" within the meaning of Title IX, who had "actual notice" of the discriminatory harassment and sexual misconduct committed by Defendant Baird since December 9, 2019.

179. At all times relevant to this action, Defendant Oquist was an official of LPS with the authority to take corrective action or preventative measures to end and/or remedy the discriminatory harassment and sexual misconduct.

180. Defendant LPS officials had actual knowledge of Defendant Baird's inappropriate behavior for a significant period of time before the harm that K.B. Doe experienced and during the harm that K.B. Doe was experiencing, yet none of the officials took appropriate steps towards any corrective action or made any effort to protect K.B. Doe or any other students from the harm.

181. Defendant LPS' deliberate indifference to Defendant Baird's conduct as described herein was malicious, oppressive, or in reckless disregard of Plaintiffs' rights such that punitive damages are appropriate.

182. Pursuant to Title IX, Defendant LPS and its officials are required to investigate all allegations of sexual and discriminatory harassment upon receiving a report.

183. Defendant LPS is subject to liability because despite actual knowledge of Defendant Baird's discriminatory harassment and sexual misconduct, it was deliberately indifferent and took no action to prevent or remedy continued discrimination after receiving credible reports of inappropriate behavior by Defendant Baird. The lack of adequate response by Defendant LPS was clearly unreasonable in light of the known circumstances.

184. Defendant LPS acted with deliberate indifference, and in a clearly unreasonable manner by failing to respond to allegations of discriminatory harassment and sexual misconduct so as to protect K.B. Doe and others from such

abuse.

185. As a result of Defendant LPS' deliberate indifference to actual knowledge of Defendant Baird's discriminatory harassment and sexual misconduct, K.B. Doe was subject to further discriminatory harassment and sexual misconduct by Defendant Baird.

186. Additionally, Defendant LPS failed to adequately supervise Defendant Baird, despite having actual knowledge that Defendant Baird posed a substantial risk of additional discriminatory harassment and sexual misconduct to the minor female students to whom he had unfettered access.

187. Defendant LPS' failure to formally investigate and take corrective actions to complaints of Defendant Baird's discriminatory harassment and sexual misconduct effectively denied K.B. Doe's educational opportunities and benefits.

188. As a result of the foregoing, K.B. Doe has suffered extensive damages, has lost educational opportunities, has been unable to continue courses of study, have missed opportunities for classes, and were deprived of equal access to education.

189. As a result of the foregoing, K.B. Doe suffered injuries including, but not limited to, the following:

190. Physical pain and suffering;

191. Mental anguish;

192. Fright and shock;

193. Denial of social pleasure and enjoyments;

194. Embarrassment, humiliation, and mortification;

195. Reasonable expenses of necessary medical care, treatment, and services;

196. Loss of earning capacity;

197. Lost wages;

198. Loss of educational opportunities;

199. Any and all injuries or damages that are learned though the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

Respectfully submitted,

By: __/s/ Parker G. Stinar_____
PARKER G. STINAR (P75252)
MICHAEL NIMMO (36947)
**WAHLBERG, WOODRUFF,
NIMMO & SLOANE, LLP**
Attorneys for Plaintiffs
4601 DTC Boulevard, Suite 950
Denver, Colorado, 80237

(303) 571-5302
parker@denvertriallawyers.com
michael@denvertriallawyers.com

By:   */s/ Ven R. Johnson*

VEN R. JOHNSON (P39219)
JEFFREY T. STEWART (P24138)
DAVID S. SHIENER (P78608)

**JOHNSON LAW, PLC**
Attorneys for Plaintiff
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
jstewart@venjohnsonlaw.com

Dated: October 7, 2022

## PLAINTIFFS' JURY DEMAND

NOW COME Plaintiffs LONA and KENDRICK BLANK, as Next Friend of

K.B. DOE by and through their attorneys WAHLBERG, WOODRUFF, NIMMO &

SLOANE, LLP and JOHNSON LAW, PLC, and hereby demand a trial by jury in

the above-captioned matter.

Respectfully submitted,

By:   */s/ Parker G. Stinar*
PARKER G. STINAR (P75252)
MICHAEL NIMMO (36947)
**WAHLBERG, WOODRUFF,**
**NIMMO & SLOANE, LLP**
Attorneys for Plaintiffs
4601 DTC Boulevard, Suite 950
Denver, Colorado, 80237
(303) 571-5302
parker@denvertriallawyers.com
michael@denvertriallawyers.com

By:   */s/ Ven R. Johnson*
VEN R. JOHNSON (P39219)
JEFFREY T. STEWART (P24138)
DAVID S. SHIENER (P78608)
**JOHNSON LAW, PLC**
Attorneys for Plaintiffs
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
jstewart@venjohnsonlaw.com

Dated: October 7, 2022